FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER H. HANSEN; et al.,<br><br>    Plaintiffs - Appellants,<br><br>  v.<br><br>JOSHUA NIEVES; et al.,<br><br>    Defendants - Appellees. | No. 10-16941<br><br>D.C. No. 2:08-cv-00479-JCM-RJJ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

   Christopher H. Hansen, Dawn E. Hansen, Joshua Hansen, and Whitney F. Hansen appeal pro se from the district court's summary judgment in their 42 U.S.C. § 1983 action arising from an emergency response to a disturbance between

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Hansens and their neighbor.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's grant of summary judgment, and we may affirm on any ground supported by the record.  *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998).  We affirm.

The district court properly granted summary judgment on the Hansens' Fourth Amendment claims arising out of their detention because the Hansens failed to raise a genuine dispute of material fact as to whether the officers had reason to believe that an assault with a deadly weapon may have occurred.  *See Terry v. Ohio*, 392 U.S. 1, 30 (1968).  Further, the Hansens failed to raise a genuine dispute as to whether the length of their detention violated the Fourth Amendment or Nevada law.  *See United States v. Torres-Sanchez*, 83 F.3d 1123, 1128-29 (9th Cir. 1996); *see also* Nev. Rev. Stat. § 171.123(4) (an individual "must not be detained longer than is necessary to effect the purposes of [the investigation] and in no event longer than 60 minutes").

Summary judgment was proper on Christopher's Fourth Amendment claims arising out of the pat-down search.  *See Ybarra v. Illinois*, 444 U.S. 85, 94 (1979) (officer may conduct pat-down search based on reasonable suspicion that the person to be searched may have weapons in his possession); *see also Graham v. Connor*, 490 U.S. 386, 396 (1989) (discussing factors to consider in determining

reasonableness of force used).

Summary judgment was proper on Joshua's claims arising out of the seizure of his unregistered handgun because the undisputed facts demonstrate that Joshua was not coerced into going into the home and getting the weapon, and thus did so voluntarily; and that the officers had reason to believe that Joshua had committed a misdemeanor by possessing the unregistered handgun. *See* Clark County Ordinance §§ 12.04.110, 12.04.200, 12.04.220.

The district court properly granted summary judgment on the claims against LVMPD because there is no respondeat superior liability against municipalities under § 1983, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978), and there is no evidence that any of the defendants violated the Hansens' constitutional rights, *see City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

Any misstatement of the facts by the district court is harmless in light of our de novo review and ability to affirm on any basis supported by the record. *See Moreland*, 159 F.3d at 369.

We do not consider issues that are not specifically and distinctly raised and argued in the opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**